## Case No. 16,452.

### UNITED STATES v. TERREL.

[Hempst. 411;[1] 1 West. Law J. 245.]

Circuit Court, D. Arkansas. April, 1840.

CRIMINAL JURISDICTION OF FEDERAL COURTS — ROBBERY ON LAND.

1. There is no law of congress punishing the crime of robbery, as such, committed on land;

[1] [Reported by Samuel H. Hempstead, Esq.]

and judgment on an indictment therefor will be arrested.

2. As to jurisdiction of the United States courts in criminal cases.

The indictment charged in proper form that Moses Terrel, a Cherokee Indian, on the 29th of November, 1839, in the Indian country west of Arkansas, feloniously assaulted John Ballard, a white man, "and in bodily fear and danger of his life then and there feloniously did put the said John Ballard, and one bowie-knife of the value of ten dollars, one pocket-knife of the value of fifty cents, and one pistol of the value of ten dollars, the goods and chattels of the said John Ballard, from the person and against the will of the said John Ballard then and there feloniously and violently did steal, take, and carry away." The defendant plead not guilty, and the case was tried before the Hon. BENJAMIN JOHNSON, District Judge, holding the circuit court. The jury found the defendant guilty in manner and form as alleged in the indictment, and he filed a motion in arrest of judgment, on the principal ground that there was no law of congress punishing robbery committed on land, and that the court had no jurisdiction of the offence; and this motion was argued by the counsel respectively.

William C. Scott, U. S. Dist. Atty.

F. W. Trapnall and John W. Cocke, for defendant.

THE COURT (JOHNSON, District Judge) said, it was not to be doubted that the only authority which this court had to try and punish offences was derived from acts of congress; for although the courts of the United States might, in the absence of statutory provisions, look to the common law for rules to guide them in the exercise of their powers, in criminal as well as civil causes, yet it is to the statutes of the United States, enacted in pursuance of the constitution, that these courts must resort to determine what constitutes an offence against the United States, and whether committed on the land or the "high seas." The United States have no unwritten criminal code, to which resort can be had as a source of jurisdiction, but as was said in U. S. v. Hudson, 7 Cranch [11 U. S.] 32, 2 Pet. Cond. Rep. 406, "the legislative authority of the Union must first make an act a crime, affix a punishment to it, and declare the court that shall have jurisdiction of the offence," before cognizance can be taken of it. Referring to the statutes of the United States to ascertain what offences on land are punishable, it will be perceived that they are few, and that the crime of robbery is not among them. This is an indictment for robbery. Of larceny, this court has cognizance (Gord. Dig. 939); and although it is true that every robbery includes a larceny, yet it would be quite impossible to uphold this proceeding

on that ground, because the indictment is for the crime of robbery as such, and the finding of the jury, responsive to it, is that the defendant is guilty in manner and form as charged in the indictment. There is no alternative after verdict but to treat it as a case of robbery. Doubtless the party might have been legally indicted and found guilty of larceny; but of robbery, as such, this court has no jurisdiction, and judgment must be arrested. Judgment arrested.

[NOTE. The opinion of Judge Wells of Missouri, published in Hempst. 413, as a note to above case, has been reported as Case No. 447.]